Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000147
27-SEP-2013
08:50 AM

NO. CAAP-12-0000147

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant,
v.
COLLEEN F. MCCARRON, Defendant-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-0829)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals from the Order Granting Defendant's Motion to Suppress Evidence and Statements (Suppression Order) filed on February 7, 2012, in the Circuit Court of the First Circuit (circuit court).[1] The circuit court granted Defendant-Appellee Colleen F. McCarron's (McCarron) Motion to Suppress Evidence and Statements, in which McCarron requested that the circuit court suppress "all evidence seized and all statements made by Defendant subsequent to an illegal arrest[.]"

McCarron is charged in this case with Assault Against a Law Enforcement Officer in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-712.6 (Supp. 2011). The charge arises from an incident in which McCarron bit Officer Ralph Higa's (Officer Higa) arm while Officer Higa was attempting to detain McCarron.

---

[1] The Honorable Edward H. Kubo, Jr. presided.

On appeal, the State raises as its points of error that the circuit court erred when it: (1) ordered the suppression of all evidence related to McCarron's act of biting Officer Higa's right arm; (2) omitted from the findings of fact that Officer Higa was a law enforcement officer engaged in the performance of duty when he detained or arrested McCarron; and (3) omitted from findings of fact (FOF) 9 that McCarron's bite to Officer Higa's right arm broke the skin and caused swelling.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the State's points of error as follows.

Suppression of Evidence

The circuit court granted McCarron's motion to suppress based on its conclusion that Officer Pedro Rodriguez (Officer Rodriguez) seized McCarron and that the seizure was unreasonable. The circuit court's Suppression Order does not address the State's argument, made in opposition to McCarron's motion, that even if McCarron was improperly seized, the conduct of the police would not preclude evidence of McCarron's own misconduct thereafter. We review the circuit court's ruling on the motion to suppress "de novo under the right/wrong standard." State v. Walker, 126 Hawaiʻi 475, 485-86, 273 P.3d 1161, 1171-72 (2012) (internal quotation mark and citation omitted).

On appeal, the State does not challenge the circuit court's ruling that McCarron was unreasonably seized by Officer Rodriguez. The State contends, however, that even assuming that McCarron was improperly seized, evidence related to McCarron's biting of Officer Higa's arm was not inadmissible in regards to the charge against her. We agree and conclude that the police misconduct that took place before McCarron bit Officer Higa does not require exclusion of evidence regarding McCarron's subsequent misconduct.

2

The State properly relies on cases in which a defendant's response to police misconduct gave rise to the subject charge and the police misconduct did not preclude evidence or the charge. In State v. Line, 121 Hawai'i 74, 86-88, 214 P.3d 613, 625-27 (2009), the Hawai'i Supreme Court held that unlawful police conduct in entering the defendant's home did not preclude evidence related to a charge against the defendant of hindering prosecution in the first degree. The charge against the defendant stemmed from her forcible attempt to block the police from entering the home. In Line, the court relied on this court's ruling in State v. Kachanian, 78 Hawai'i 475, 896 P.2d 931 (App. 1995), where we held that an illegal seizure or arrest of the defendant would not preclude conviction of the defendant on charges of resisting arrest. Id. at 485, 896 P.2d at 941. In Kachanian, the defendant began to swing at and kick a police officer when being arrested at an airport. We noted that despite the illegality of the seizure or arrest, the defendant "was not privileged to resist an arrest made, as it was here, under color of law." Kachanian, 78 Hawai'i at 485-86, 896 P.2d at 941-42.

The reasoning employed in Line and Kachanian applies in this case as well, where McCarron is charged with assaulting Officer Higa. We note that in Line, the supreme court favorably cited U.S. v. Ferrone, 438 F.2d 381 (3rd Cir. 1971), where the court held that the defendant did not have the right to forcibly resist the execution of an invalid search warrant and was subsequently charged with inter alia assaulting an IRS agent. In short, we disagree with McCarron's argument that evidence surrounding her biting of Officer Higa is the fruit of the poisonous tree and/or the poisonous tree itself. Line, 121 Hawai'i 74, 214 P.3d 613; Kachanian, 78 Hawai'i 475, 896 P.2d 931; see also, Commonwealth v. Saia, 360 N.E.2d 329 (Mass. 1977). Thus, the unlawful police conduct in this case does not preclude evidence regarding the charge against McCarron of assault against a law enforcement officer.

3

The circuit court erred in granting McCarron's Motion to Suppress Evidence and Statements.

<u>Challenge to Findings of Fact</u>

The State also contends that the circuit court erred in omitting findings in its Suppression Order that Officer Higa was a law enforcement officer when he detained McCarron[2] and that McCarron's bite to Officer Higa's arm broke the skin and caused swelling.  We deem it unnecessary to resolve these challenges to the circuit court's findings in deciding whether the circuit court properly suppressed evidence in its Suppression Order, and therefore we need not reach these points of error.

Therefore,

IT IS HEREBY ORDERED that the Order Granting Defendant's Motion to Suppress Evidence and Statements filed on February 7, 2012, in the Circuit Court of the First Circuit is reversed.  The case is remanded to the circuit court for further proceedings.

DATED:  Honolulu, Hawai'i, September 27, 2013.

On the briefs:

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant

Birney B. Bervar
(Bervar & Jones)
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[2]  The circuit court's Suppression Order refers to Officer Higa as a Honolulu Police Officer and there is no dispute in this regard.